UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK HYZY,<br><br>    Plaintiff,<br><br>v.<br><br>TRACY BAKER,<br><br>    Defendant. | Case No. 18-cv-5276<br><br>Judge John Robert Blakey |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mark Hyzy, proceeding *pro se*, sues Defendant Tracy Baker, a Senior Rehabilitation Counselor at the Illinois Department of Human Services (DHS), alleging that she: (1) falsified a report explaining why she denied him home services; and (2) delayed producing his case file when he appealed the denial. Defendant moves to dismiss Plaintiff's claims, [17], but fails to advise this Court as to the specific basis, under Fed R. Civ. P. 12, for her motion. *See generally* [17] [18] [30].

Because Defendant argues that Plaintiff fails to "state[ ] a claim," and suffered no "legally-cognizable injury," this Court infers that Defendant's moves pursuant to both Rules 12(b)(1) and 12(b)(6). *See, e.g.*, [18] at 1, 6, 9. Further, a motion challenging subject-matter jurisdiction may be made at any time, even on a court's own motion. *See* Fed. R. Civ. P. 12(h)(3); *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). For the reasons explained below, this Court grants Defendant's motion to

1

dismiss for lack of subject-matter jurisdiction and declines to consider the merits of Defendant's Rule 12(b)(6) arguments.

I.     The Complaint's Allegations[1]

    A.     DORS Program Generally

The Division of Rehabilitation Services (DORS) within DHS administers the Home Services Program (HSP). [9] ¶ 11. HSP serves as a Medicaid Waiver Program designed to "prevent the unnecessary institutionalization of individuals who may instead be satisfactorily maintained at home at a lesser cost to the State." *Id.*; *see also* 20 ILCS 2405/3; 89 Ill. Admin. Code § 676.10. Individuals may appeal eligibility determinations. [9] ¶ 12; 89 Ill. Admin. Code § 510.20(c).

If an individual chooses to appeal, he or she maintains the right to request and review the relevant case file prior to the hearing. [9] ¶ 16; 89 Ill. Admin. Code § 510.40(e)(1). Further, at least three business days prior to the hearing, the appealing individual and the DHS-DORS staff person who took the appealed action "must provide each other and the Impartial Hearing Officer with a list of witnesses, copies of documents not in the possession of the other party, and a summary of the evidence that they plan to present at the hearing." [9] ¶ 17; 89 Ill. Admin. Code § 510.105(d). The appeal hearing then proceeds similar to a court trial, with opening statements, presentation of evidence and cross-examination, and closing arguments. [9] ¶ 19; 89 Ill. Admin. Code § 510.105(g).

---

[1] This Court takes the following facts from Plaintiff's Complaint, [9], documents attached to the Complaint, and documents central to the Complaint and to which the Complaint refers. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### B. Plaintiff's DORS Application

Plaintiff submitted a pre-application for HSP to DORS on October 22, 2014. [9] ¶ 21. On October 31, 2014, Plaintiff received a telephone call from DORS employee Latoya Warren-Barlow, requesting a copy of his driver's license as part of the application process. *Id.* ¶ 22. Plaintiff does not state whether he ever complied with this request. *See generally* [9].

Two years later, on October 31, 2016, Plaintiff received a notice signed by Defendant denying his HSP eligibility because he could not be reached to continue the application process. *Id.* ¶ 24. According to Plaintiff, aside from Warren-Barlow's 2014 telephone call, he received no other telephone calls or letters from DORS regarding his application until October 31, 2016. *Id.* ¶ 23. On November 1, 2016, Plaintiff filed an appeal of the HSP eligibility denial with the DHS Bureau of Hearings, via e-mail. *Id.* ¶ 25.

### C. Plaintiff's Appeal Process

#### i. Plaintiff's Case File

On November 2, 2016, Plaintiff mailed Defendant a letter requesting a copy of his DORS HSP case file. *Id.* ¶ 26. Two days later, on November 4, Defendant telephoned Plaintiff's home and left a voicemail stating that: (1) she received Plaintiff's file request; (2) the case file contained only what Plaintiff had previously mailed to DORS; and (3) she wanted to schedule an in-home-assessment to determine HSP eligibility. *Id.* ¶ 28. On November 7, 2016, Plaintiff called Defendant and left a

3

voicemail "advising [Defendant] in summary that he was declining his HSP in-home interview, but that he still needed a copy of his case file." *Id.* ¶ 29.

Plaintiff subsequently continued his appeal. On November 10, 2016, Defendant called Plaintiff to advise him that he would have to file a release form to receive a copy of his case record; Defendant e-mailed Plaintiff the form later that day. *Id.* ¶ 31. Plaintiff's hearing took place on December 15, 2016. *Id.* ¶ 33. Four days after the hearing—on December 19—Defendant e-mailed Plaintiff his authorization form back, requesting that he complete the "Dates of Service" fields on Page 2 of the authorization form so that she could release the documents to him. *Id.* ¶ 34. After Plaintiff filled out the corrected form, Defendant e-mailed Plaintiff his case file documents on December 21, 2016. *Id.* ¶ 36.

**ii.    Hearing Evidence**

On December 12, 2016, Plaintiff received an envelope of documents Defendant filed with the Hearing Officer for Plaintiff's upcoming hearing. *Id.* ¶ 37; [9] (Exhibit 9).

Defendant's pre-hearing documents included, among other documents, a DORS document titled "Case Folder Memorandum," which contained a heading titled "Chronological of Contacts and Actions." [9] (Exhibit 9 at 3).

The chronological record contains an entry from September 17, 2016, stating that Defendant attempted to reach Plaintiff. *Id.* According to Plaintiff, he did not receive any telephone calls, voicemails, or other forms of contact from Baker on this date. *Id.* ¶ 45.

4

Plaintiff also notes that while Defendant's original denial notice stated that she denied eligibility because she could not reach Plaintiff, the denial notice included in Defendant's summary of documents stated that she denied eligibility because Plaintiff "reported that his condition has improved and so he is no longer interested in the services offered through" HSP. *Compare* [9] (Exhibit 2) at 1 *with* [9] (Exhibit 9) at 4.

### iii. Plaintiff Withdrew His Appeal & Declined to Complete the Application Process

As an exhibit to her response memorandum, Defendant attached Plaintiff's pleadings, from related cases, in which he stated that he "withdrew his appeal" during the December 15, 2016 hearing and "declined to complete" the HSP application process due to "improvement in his physical condition rendering HSP services unnecessary." [18-1] ¶ 4; [18-2] ¶ 4. This Court takes judicial notice of these documents, as they remain part of the public record. *See, e.g., Fox v. Am. Alternative Ins. Corp.*, 757 F.3d 680, 684 (7th Cir. 2014); *Scherr v. Marriot Int'l*, 703 F.3d 1069, 1073 (7th Cir. 2013). Further, Plaintiff concedes, in his response memorandum, that he withdrew his appeal and declined to complete the application process. [25] at 4, 15; *see also* [9] ¶ 29.

### D. Plaintiff's Claims[2]

Plaintiff bases Counts I through III and V upon his allegation that Defendant falsified documents in connection with his application for home services and appeal. [9] ¶¶ 61–69, 73–75. Specifically, Plaintiff brings claims against Defendant for a: (1) 14th Amendment Due Process violation under Sections 1983 and 1988 (Count I); (2) 5th Amendment Due Process violation under Sections 1983 and 1988 (Count II); (3) Appeal and Fair Hearing Rights violation under the Social Security Act (Count III); and (4) "right to apply for benefits without delay" violation under the Social Security Act (Count V).

Plaintiff bases Counts IV and VI of his Complaint upon his allegation that Defendant delayed Plaintiff's request for his case file until after his appeal hearing. [9] ¶¶ 70–72, 76–78. Specifically, Plaintiff brings claims against Defendant for: (1) "Violation of Appeal and Fair Hearing Rights under the Social Security Act 42 U.S.C. [§] 1396a(a)(3) at 42 CFR 431.242(a)(1)" (Count IV); and (2) "Violation of A[re]izaga Permanent Injunction" (Count VI).

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds

---

[2] Plaintiff sues Baker in both her individual and official capacities for past violations of his rights. *See* [9] ¶¶ 62, 65, 68, 71, 74, 77. In his reply memorandum, Plaintiff concedes that his official-capacity claims against Baker must be dismissed based upon the Eleventh Amendment. [25] at 5. Thus, this Court dismisses Plaintiff's official-capacity claims within Counts I through VI with prejudice.

upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). When evaluating a complaint, this Court accepts all well-pled allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Like Rule 12(b)(6), Rule 12(b)(1) requires this Court to construe Plaintiff's complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Courts evaluating Rule 12(b)(1) motions may look beyond the complaint to consider whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Silha*, 807 F.3d at 173 (When reviewing a challenge that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient, "the court may look beyond the pleadings and view any evidence submitted").

7

### III. Analysis

Baker seeks dismissal of all counts under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(6) for failure to state a claim. Because standing is jurisdictional, this Court considers that issue before reaching the merits. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999); *Hinrichs v. Speaker of House of Representatives of Ind. Gen. Assembly*, 506 F.3d 584, 590 (7th Cir. 2007); *Halperin v. Intern. Web Servs., LLC*, 70 F. Supp. 3d 893, 897 (N.D. Ill. 2014).

#### A. Plaintiff Fails to Establish Article III Standing

Article III of the Constitution limits "federal judicial power to certain 'cases' and 'controversies.'" *Silha*, 807 F.3d at 172–73 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992)). To establish Article III standing, Plaintiff must show that: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 173 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan*, 504 U.S. at 560–61). The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing. *Lujan*, 504 U.S. at 561. Here, Defendant argues that Plaintiff fails to establish the "injury in fact" prong. [18] at 6. This Court agrees with Defendant.

Plaintiff bases his claims solely upon allegations that Defendant: (1) falsified documents in connection with his application for home services and appeal; and (2)

delayed Plaintiff's request for his case file until after his appeal hearing. [9] ¶¶ 61–78. But, Plaintiff concedes that he withdrew his administrative appeal of the agency's action and declined to complete the HSP application process due to improvement in his physical condition, which rendered HSP services unnecessary. *Id*. ¶ 29; [25] at 4, 15; *see also* [18-1] ¶ 4; [18-2] ¶ 4. Further, Plaintiff fails to allege any way in which the allegedly falsified documents or the delay in receiving his case file injured him.

For example, he fails to allege that: (1) his health suffered in any way following the denial of HSP services; (2) he would have won his appeal absent the falsified documents; or (3) he would have won his appeal had he timely received his case file. *See generally* [9]. In response, Plaintiff argues that at the time he filed his HSP pre-application, he met five of the seven Illinois requirements for receiving HSP services. [25] at 8. But the Illinois Administrative Code to which Plaintiff cites requires that an individual meet *all* seven criteria to receive HSP services. 89 Ill. Adm. Code § 682.10, § 682.100.

In fact, Plaintiff fails to allege that he has ever needed HSP services, and instead concedes that he does not need them. Therefore, Plaintiff has alleged no injury that this Court could remedy through a favorable decision. *See McMillan v. Hyzy*, 738 Fed. Appx. 365, 366 (7th Cir. 2018) (holding that Hyzy lacked Article III standing to seek enforcement of permanent injunction requiring DHS to accept and process HSP applications for same reason) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1547 (2016)).[3] And although Plaintiff seeks damages under the relevant Social Security Act statutes and regulations, "no statute or regulation allows damages for an alleged violation of HSP requirements." *Id*. Thus, he cannot demonstrate an injury in fact by requesting statutory damages, either.

Because Plaintiff fails to establish an injury in fact, this Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction and need not address Defendant's 12(b)(6) arguments.

### B. Leave to Replead

Although, in general, Rule 15(a) states that trial courts "should freely give leave [to amend] when justice so requires," that command can be outweighed by factors such as "undue delay, bad faith, and futility." *Fish v. Greatbanc Trust Co.*, 749 F.3d 671, 689 (7th Cir. 2014). Here, Plaintiff's allegations do not warrant giving him leave to replead, because Plaintiff concedes the facts upon which this Court determines no redressable injury exists. *See* [9] ¶ 29; [25] at 4, 15. Accordingly, any amendment would be futile.

Moreover, to the degree any need might arise in the future to enforce the *Areizaga* injunction (Count VI), Plaintiff remains free to do so in that case. *See Areizaga v. Quern*, 442 F. Supp. 168 (N.D. Ill. 1977) (granting permanent injunction requiring, *inter alia*, Illinois Department of Public Aid to allow examination, copying,

---

[3] In *McMillan*, Plaintiff moved to intervene in a "long dormant" case to enforce a permanent injunction requiring DHS to accept and process applications for HSP, alleging that DHS took more than two years to process his HSP application. 738 Fed. Appx. at 366. The district court denied Plaintiff's motion, stating that the case was closed. *Id*. On appeal, the Seventh Circuit found the district court's grounds for dismissal improper but declined to remand because Plaintiff lacked Article III standing. *Id*.

10

and notetaking of case files before and during public assistance benefits administrative hearings), *aff'd*, 590 F.2d 226 (7th Cir. 1978); *see also United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988) (holding that "when a court issues an injunction, it automatically retains jurisdiction to enforce it"). In fact, according to Defendant, Plaintiff has already done so. [18] at 10. Therefore, this Court dismisses Counts I through VI with prejudice.

**IV.     Conclusion**

For the reasons explained above, this Court grants Defendants' motion to dismiss Counts I through VI with prejudice [17]. All dates and deadlines are stricken. Civil case terminated.

Dated: June 24, 2019

                                            Entered:

                                            _____
                                            John Robert Blakey
                                            United States District Judge